**UNION METAL MFG. CO. et al. v. OOMS, Commissioner of Patents.**

No. 9115.

United States Court of Appeals District of Columbia.

Argued Feb. 6, 1946.

Decided April 15, 1946.

Mr. Everett R. Hamilton, of Canton, Ohio, of the Bar of the Supreme Court of Ohio, pro hac vice, by special leave of Court, with whom Messrs. Harry Frease, of Canton, Ohio, and Edward R. Walton,

Jr., of Washington, D. C., were on the brief, for appellants.

Mr. H. S. Mackey, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

PER CURIAM.

The appellants sued in the District Court under the provisions of § 4915, R.S., U.S.C.A. Title 35, § 63, to have it adjudged that the appellant, The Union Metal Manufacturing Company, is entitled to receive a patent containing claims 1 and 2 of application Serial No. 513,730. From a judgment holding that neither of the claims is patentable, they appeal.

Claims 1 and 2 of the application read as follows:

"1. A longitudinal compression member having equal strength in all lateral directions comprising two elongated frusto-conical tubes in substantially straight axial alignment throughout their length with their large ends joined in abutment, and means at each end of said member for receiving and transmitting compressive forces longitudinally through said member.

"2. A longitudinal compression member having equal strength in all lateral directions comprising a central cylindrical tube and two elongated frusto-conical tubes in substantially straight axial alignment throughout their length and having their large ends joined in abutment with the ends of said cylindrical tube, and means at each end of said member for receiving and transmitting compressive forces longitudinally through said member."

These claims were denied patentability by the Patent Office and the District Court on the ground that they do not disclose invention over the prior art as shown by the following patents: Gates, No. 535,-537; Kraft, No. 1,691,818; Riemenschneider, No. 1,821,850; Pfaff, No. 1,877,583; Nickles, No. 1,941,952; De Vou No. 2,008,-785; Wallace, No. 2,173,525. In our opinion, the novelty necessary to show inventive genius is lacking in these claims. We reproduce in the margin certain of the lower

court's findings of fact which clearly show that the device had been anticipated.[1]

 The appellants proved the utility of their product as a cargo boom, and its widespread acceptance by the shipping industry as a useful device. But a plain absence of invention is not overcome by evidence of usefulness and commercial success.[2] Only when there is doubt as to invention or novelty is proof of practical utility and general commercial acceptance permitted to turn the decision in favor of patentability.[3] The lower court correctly held that neither claim recites anything amounting to invention over the prior art. That being true, commercial success does not supply the lacking invention.

Affirmed.

---

[1] "4. The patent to Gates, No. 535,537 of March 12, 1895, discloses a derrick boom made up of a framework of T rails in which the boom tapers in both directions from its mid-section.

"5. The patent to Kraft, No. 1,691,818 of November 13, 1928, discloses a keel column made up of four arcuate sections joined together by flanges forming a column tapering from its central section toward each end.

"6. The patent to Riemenschneider, No. 1,821,850 of September 1, 1931, which is owned by plaintiffs, discloses a tapered tubular pole consisting of a hollow tube, circular in cross-section, tapered toward one end.

"7. The patent to Pfaff, No. 1,877,583, of September 13, 1932, discloses a similar pole of hollow tapered construction.

"8. The patent to Nickles, No. 1,941,952, of January 2, 1934, discloses a boom construction made up of two sections which in plan view taper from the mid-section towards the ends. In the alternative a central section of uniform width may be inserted between the two tapered end sections.

"9. The De Vou patent, No. 2,008,785 of July 23, 1935, discloses a derrick wherein the mast portion consists of a hollow tube tapered toward both ends from its mid-section.

"10. The patent to Wallace, No. 2,173,-525, of September 18, 1939, discloses a tubular beam member having tapered end sections and a central portion of uniform cross-section.

"11. The mast member disclosed in the De Vou patent constitutes a structural member of the same form as recited in claim 1 in suit.

"12. It was not invention to make the boom of the Gates patent of the smooth tapered tubes disclosed in the Riemenschneider and Pfaff patents.

"13. In view of the Riemenschneider and Pfaff patents it was not invention to eliminate the flanges on the keel column of the Kraft patent thereby providing a structural member having a smooth exterior.

"14. It was not invention to provide the De Vou member or the Kraft member with a central portion of uniform cross-section, in view of the Nickles or Wallace patents.

"15. Neither of the claims in suit recites anything amounting to invention over the prior art.

"16. Neither of the claims in suit is patentable."

[2] Tropic-Aire, Inc., v. Sears, Roebuck & Co., 8 Cir., 44 F.2d 580, 593; Ternstedt Mfg. Co. v. Motor Products Corp., 6 Cir., 119 F.2d 834; Morrison v. Coe, 74 App. D.C. 335, 122 F.2d 793.

[3] Textile Machine Works v. Louis Hirsch Co., 302 U.S. 490, 498, 58 S.Ct. 291, 82 L.Ed. 382.