**NATIONAL MACHINE PRODUCTS COMPANY, Plaintiff,**

v.

**David L. LADD, Commissioner of Patents, Defendant.**

Civ. A. No. 226-63.

United States District Court District of Columbia.

July 22, 1964.

Malcolm R. McKinnon, Harness, Dickey & Pierce, Detroit, Mich., C. Willard Hayes, Cushman, Darby & Cushman, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action was brought pursuant to 35 U.S.C. § 145 seeking judgment of this Court authorizing the defendant, Commissioner of Patents, to issue Letters Patent of the United States containing claims 4, 11 and 16 of an application Serial No. 617,763, entitled "Self-Locking Nut and Method and Tool for Making the Same", filed October 23, 1956 by Russell E. Burt, and assigned to the plaintiff, National Machine Products Company.

The invention described in the application relates to a lock nut and method for making the same, both of which are best described by the language in claims 11 and 16, which reads as follows:

*"Claim 11.*

"A self-locking nut comprising a body portion and a relatively thin walled frustoconical extension at one end of said body portion and said extension having an axial bore provided with an uninterrupted continuous thread initially of cylindrical form throughout the bore, said extension being provided with circumferentially spaced radially inwardly deformed portions defining arcuate pressure sectors, the crests of the portions of the thread on said pressure sectors closely approaching arcs of a circle having a smaller diameter than the minor diameter of the remaining portion of the thread in said body portion and extension

and being concentric to the bore axis, said extension also being provided with radially outwardly extending arcuate relief sectors between said pressure sectors, the centers of curvature of the crests of the portions of the thread on said relief sectors being radially outwardly spaced from said bore axis."

*"Claim 16.*

"The method of forming a self-locking nut which includes the steps of providing a metallic body with wrench-engaging faces and an integral extension the transverse dimensions of which are less than the transverse dimensions of the remaining portion of the body, forming a bore in said body and said extension axially thereof, forming an uninterrupted internal thread in the bore, applying pressure to spaced sectors of the extension to displace said sectors and their thread portions radially inwardly to an extent such that the crest of the portions of the thread on the displaced sectors is of less radius than the crest of the remaining portions of the thread but substantially concentric with the remaining portions of the thread while simultaneously displacing radially outwardly portions of the extension between said sectors a distance sufficient to form relief sectors between said radially inwardly displaced sectors with the centers of curvature of the crests of the portions of the thread on said relief sectors being radially outwardly spaced from the center of curvature of the remaining portions of the thread."

All the claims before the Court were rejected by the Examiner as not patentable over a United States patent to Cox, No. 2,279,338, and a United States patent to Reiner, No. 2,816,591. The rejection by the Examiner was based upon the language of 35 U.S.C. § 103, and was affirmed by the Patent Office Board of Appeals.

The Cox patent, granted April 14, 1942, discloses a prevailing torque lock nut which is well summarized in claim 8 of the patent as follows: "A unitary lock-nut fabricated from sheet metal and comprising a barrel portion having a pair of diametrically opposed longitudinally extending expansion ribs defining a pair of expansible segments and a relatively non-yielding flanged base member, the interior walls of said segments being threaded and said segments being closed in an extent sufficient to reduce the effective diameter of the upper end portion of the barrel relative to the base portion but having the same uniform radius of curvature throughout, said expansion ribs permitting said segments to expand radially, the radial movement of said segments to and from expanded position when applied to a bolt or the like threaded element, being within the limits of elasticity provided by the expansion ribs."

The Reiner patent, having an effective reference date of June 16, 1952, discloses a prevailing torque lock nut which consists of a sleeve with an enlarged wrenching extension at one end, and a cylindrical or slightly tapered exterior at the other. The bore of the sleeve is first threaded throughout while yet cylindrical, and other end of the barrel is then inwardly deformed either at one point or a number of circumferentially spaced points. The deformation results in an elliptical hole having an uninterrupted thread therethrough.

The structure claimed appears to differ from that of the references only in the shape of the threaded pressure sectors which bear against the applied bolt. Plaintiff's pressure sectors have shortened radii of curvature centering on the nut axis, whereas Reiner's effective pressure sectors have lengthened radii of curvature with centers displaced in opposite directions from the nut axis. Cox's pressure sectors have unchanged radii of curvature displaced in opposite directions from the nut axis. The specification and testimony indicate that concentricity of plaintiff's pressure sectors

with the nut axis is not critical, but rather dependent on an optional degree of initial radial pressure exerted by the deforming tool. Hence, the real difference reduces to one of curvature for the pressure sectors—that for plaintiff's being greater than the bolt curvature, that for Reiner's being less, and that for Cox's being the same.

█ Cox expressly indicates that his retention of original curvature for his pressure sectors produces a more uniform locking contact than would elliptical deformation. However, this is accomplished at the sacrifice of thread continuity. Hence, it would seem reasonable that a skilled worker might try to consolidate the advantages of both forms by modifying the otherwise elliptical deformation exemplified by Reiner in view of Cox's teaching of curvature retention for the inwardly deformed portions, as suggested by the Examiner. The finding by the Examiner and Board of Appeals that such modification would be obvious to one of ordinary skill in the art does not seem other than proper to the Court.

Reiner appears to clearly show the basic method steps recited in claim 16. With regard to the particular nut deformation recited in this claim, the Court agrees with the Examiner that it would be obvious to a person having ordinary skill in the art to shape the deforming tool or apply the deforming force in accordance with the nut deformation desired.

█ Evidence was also introduced at trial which demonstrated that plaintiff's lock nut has enjoyed significant commercial success. Since the Court does not find the issue of obviousness otherwise in doubt, this evidence can be accorded only slight probative weight. Union Metal Mfg. Co. v. Ooms, 81 U.S. App.D.C. 76, 154 F.2d 857 (1946).

After reviewing the record in the Patent Office, the evidence presented at trial, and the briefs of the parties, the Court cannot say the Patent Office has erred.

Accordingly, the Court finds for the defendant and against the plaintiff, and hereby dismisses the Complaint.

The above Opinion contains Findings of Fact and Conclusions of Law.